UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE R. HELLGREN

                Plaintiff(s),

  v.

PROVIDENTIAL HOME INCOME PLAN INC.

                Defendant(s).
_____/

No. C 06-04728 MHP

**ORDER**

      Plaintiff Joyce Hellgren filed this action against defendants Providential Home Income Plan, Inc. ("Providential"), its successor in interest Wilmington Savings Fund Society ("Wilmington" or "defendant") and various unnamed Doe defendants seeking compensatory and punitive damages. Plaintiff initially filed her complaint as a class action in San Francisco Superior Court. Defendant then removed the action to federal court. Now before the court is defendant Wilmington's motion for judgment on the pleadings on the basis that all of plaintiff's claims are barred by the applicable statute of limitations, or in the alternative, for failure to state a claim. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

In October 1992 Delight Robles ("decedent") entered into a reverse mortgage agreement with Providential. Under the terms of the agreement, decedent borrowed a principal sum of $199,588.45, which was secured by a deed of trust on her residence. Her loan was to become payable ninety days after her death. The agreement provided that the loan would be subject to an interest rate of 11.5% per annum. Compl. Exh. B. In addition to interest, the loan also provided the decedent would pay a premium in an amount "equal to the amount by which the property would increase in value if it appreciated at an assured rate each year, compounded annually, during the term of the loan." Compl. Exh. A. At the time of the agreement, plaintiff received a Truth in Lending Statement estimating what her total repayment, including interest and a premium calculated at a 5% appreciation rate, would be at a maturation date of February 6, 2006. Compl. Exh. D. The total amount projected in the Truth in Lending Statement was $779,965.13. Id.

Decedent died on January 31, 2006. Plaintiff Hellgren is the executrix to her estate. On June 8, 2006 Wilmington sent decedent's escrow company a demand for $694,750.00, the total amount it claimed was due on decedent's loan. Compl. Exh. E. On June 28, 2006 plaintiff filed this action in San Francisco Superior court as a class action. Plaintiff defined the class as:

> all persons and entities, including their heirs and successors who entered into reverse mortgages secured by real property located in the State of California, with PROVIDENTIAL and/or its successor in interest, [Wilmington], and any predecessors in interest of [Wilmington], and were charged 1) a premium on the difference between the base or initial appraised value of the home and the appreciated value of the home.

She alleged nine cause of action, including elder abuse, unfair business practices, contractual claims and fraud based on the terms of decedent's reverse mortgage. On August 4, 2006 defendant removed the action on the basis of diversity, 28 U.S.C. §§ 1332 and 1441(a), and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453. Defendants next moved for judgment on the pleadings under Federal Rule of Procedure 12(c).

1  LEGAL STANDARD

2  <u>Judgment on the Pleadings</u>

3  Similar to a motion to dismiss for failure to state a claim, a motion for judgment on the
pleadings addresses the sufficiency of a pleading.  A motion to dismiss will be denied unless it
appears that the plaintiff can prove no set of facts which would entitle him or her to relief.  <u>Conley v.
Gibson</u>, 355 U.S. 41, 45–46 (1957); <u>Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco</u>, 792
F.2d 1432, 1435 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1064 (1987).  All material allegations in the
complaint will be taken as true and construed in the light most favorable to the plaintiff.  <u>NL Indus.,
Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986) (citation omitted).  Although the court is generally
confined to consideration of the allegations in the pleadings, when the complaint is accompanied by
attached documents, such documents are deemed part of the complaint and may be considered in
evaluating the merits of a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6).
<u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir.)  (citations omitted), <u>cert. denied sub.
nom.</u> <u>Wyo. Cmty Dev. Auth. v. Durning</u>, 484 U.S. 944 (1987).  Where the facts and dates alleged in
a complaint demonstrate that the complaint is barred by the statute of limitations, the court should
grant a motion to dismiss.  <u>See</u> <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980); <u>see
also</u> <u>United West Med. Ctr. v. Sup. Ct.</u> 42 Cal. App.  4th 500, 505 (1996) (citation omitted).

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when the
moving party clearly establishes that on the face of the pleadings no material issue of fact remains to
be resolved and that it is entitled to judgment as a matter of law.  <u>See</u> <u>Hal Roach Studios, Inc. v.
Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted).  When testing the
sufficiency of pleadings on a motion for judgment on the pleadings, the court views the facts
presented in the light most favorable to the non-moving party, drafting all reasonable inferences in
that party's favor.  <u>See</u> <u>Gen. Conf. Corp. of Seventh Day Adventists v. Seventh-Day Adventist
Congregational Church</u>, 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted), <u>cert. denied</u>, 493 U.S.
1079 (1990).

DISCUSSION

UNITED STATES DISTRICT COURT
For the Northern District of California

3

Statute of Limitations

Hellgren alleges nine causes of action in her complaint based on the terms of decedent's reverse mortgage, including elder abuse, unfair business practices, contractual claims and fraud. Plaintiff's first cause of action for elder abuse is subject to the four-year limitations period set forth in California Code of Civil Procedure section 338(a), for causes of action arising under statutes that do not otherwise provide for a limitations period[2]. The statute of limitations for plaintiff's second cause of action is four years. Cal. Bus. & Prof. Code § 17208[3]. Causes of action three, four and five, arising from written contracts, are subject to a four-year statute of limitations. Cal. Code of Civ. Proc. § 337[4]. Causes of action six, seven, eight and nine, based in fraud, are governed by section 338(d), and are subject to a statute of limitations of three years. Plaintiff does not dispute the applicability of these statutes.

The statute of limitations generally begins to run when the last element essential to the cause of action has occurred. See Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 187 (1971). Plaintiff's ignorance of his or her cause of action, without more, cannot toll the statute. Id. The court will first address the claims under section 338, then section 337, then California Business and Professions Code section 17208.

I.   Section 338 Claims (First, Sixth, Seventh, Eighth, and Ninth Causes of Action)

   A.   Fraud Claims (Sixth, Seventh, Eighth, and Ninth Causes of Action)

For claims of fraud, the statute of limitations is three years. Cal. Civ. Proc. Code § 338(d); see Gen. Bedding Corp. v. Eschevarria, 947 F.2d 1395, 1397 (9th Cir. 1991); Parsons v. Tickner, 31 Cal. App. 4th 1513, 1525 (1995). The substance of Hellgren's fraud allegations is that Providential failed to disclose and misrepresented terms regarding the premium charged on decedent's reverse mortgage. The alleged fraud occurred at the time decedent and Providential entered into the reverse mortgage agreement: in October 1992. Providential argues that decedent had knowledge of the fraud at the time she entered into the agreement and that, therefore, every fraud-based cause of action accrued at the time of contract formation. Hellgren argues that the complained-of causes of

4

action did not accrue until defendant's monetary demand on plaintiff in June 2006. Hellgren also argues that decedent was ignorant of her cause of action through no fault of her own, and that for purposes of the statute of limitations, the cause of action was discovered at the time of defendant's monetary demand.

### 1. Discovery Rule Argument

For purposes of determining when the statue of limitations begins to run for allegations of fraud under section 338(d), "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake" controls rather than the date the alleged fraud itself occurred. Cal. Civ. Proc. Code § 338(d); see also Eschevarria, 947 F.2d at 1397; Parsons, 31 Cal. App. 4th at 1525. A plaintiff is deemed to have discovered fraud on the date he or she has actual or constructive notice of the claims. Eschevarria, 947 F.2d at 1397. A plaintiff has constructive notice when he or she receives information of circumstances that would put a reasonable person on notice, or has an opportunity to obtain such knowledge through sources open to his or her investigation. Id. In order to establish the accrual date for the cause of action beyond the date the alleged fraud took place, a plaintiff must specifically plead (1) lack of knowledge of his or her cause of action, (2) lack of means of obtaining the knowledge, and (3) how and, most importantly, when he or she actually obtained such knowledge. Parsons, 31 Cal. App. 4th at 1525. Parsons concludes that "when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute commences to run." Id. Under this rule, "constructive and presumed notice or knowledge are equivalent to knowledge." Id. Often the courts employ the discovery rule where defendant "is in a superior position to comprehend [his or her] act and the injury [to plaintiff]." April Enters. v. KTTV, 147 Cal. App. 3d 805, 831 (1983); see also Parsons, 31 Cal. App. 4th at 1526.

Plaintiff's complaint does not meet the requirements set forth in Parsons and Eschevarria. Every one of plaintiff's claims have their basis in the terms of the premium charged pursuant to the terms of her reverse mortgage. Plaintiff's complaint and the attached exhibits demonstrate that

5

decedent received the mortgage agreement, a promissory note, a deed of trust and a Truth in Lending Statement in October 1992. Plaintiff does not dispute this. In addition to setting out how the premium is calculated, defendant provided an estimate of plaintiff's total repayment responsibility if the loan terminated in 2006. The Truth in Lending Statement assumed that the loan would become payable on February 6, 2006, one week after the date of plaintiff's death. Compl. Exh. D. The estimated amount was more than $50,000 greater than the amounts that actually came due when decedent died. Compl. Exh. E. Thus, plaintiff had knowledge of how the premium was to be calculated based on her contract and an estimated (and indeed, overestimated) repayment figure for a repayment date of one week after decedent's death. All of plaintiff's claims are based on performance of the reverse mortgage terms as set forth in the loan agreement. Because decedent had knowledge of the terms, she either had actual knowledge of her cause of action, or at the least "means of obtaining the knowledge" under Parsons. Therefore, plaintiff's fraud allegations are barred by the four-year limitations period set forth in section 338(d).

### 2. Accrual Argument

Plaintiff attempts to circumvent the discovery rule by arguing that actions can accrue at a time later than the harm-causing act(s) of defendant. Plaintiff cites to Garver v. Brace, 47 Cal. App. 4th 995 (1996) for her accrual argument. In Garver, plaintiffs took out a promissory note from sellers in order to buy property. Id. at 998. The note contained a provision that if plaintiffs resold the property less than ten years prior to the schedule set out in their repayment schedule, they would be subject to a pre-payment fee. Id. Plaintiffs resold the property before the ten-year time period had elapsed and paid the pre-payment fee. Id. Plaintiffs contended that the prepayment fee violated California Civil Code section 2954.9(b), which establishes guidelines for the collection of pre-payment fees for owner-occupied real property. Id. The Garver court found no cause of action arose prior to defendants' demand of the pre-payment fee. Id. at 1000. Only after the demand were plaintiffs entitled to legal remedy. Id. The court noted that in this contract, there is no indication that buyers such as plaintiffs necessarily would be subject to the clause since they could have

avoided the pre-payment fee by paying according to schedule. Id. at 1001.

In the present action, unlike Garver, decedent was subject to the complained-of harm stemming from the premium clause of the reverse mortgage from the moment the contract was entered into. Consequently, decedent could have sought rescission or a declaration that she was not bound by the reverse mortgage at the time the contract was formed. Plaintiff does not contend otherwise. Therefore, Garver is inapposite. That decedent would not also be entitled to monetary damages because her home had yet to appreciate is irrelevant. The relief she could have sought would have prevented any such expenditure in the first place had she prevailed.

Plaintiff also relies upon several cases discussing the discovery rule. Each case supports the proposition outlined in Parsons v. Tickner, that the statute of limitations begins to run when the aggrieved party discovers the violation. Parsons, 31 Cal. App. 4th at 1525; Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 437 (1945); Bedolla v. Logan & Fraser, 52 Cal App. 3d 118, 130 (1975); Cross v. Bonded Adjustment Bureau, 48 Cal. App. 4th 266, 281 (1996); Massachusetts Mut. Life Ins. v. Sup. Ct., 97 Cal App. 4th 1282, 1295 (2002). This authority does not further plaintiff's accrual argument because these cases address plaintiff's actual or constructive knowledge of an alleged harm. In each case, the court made a determination whether and when plaintiff could be deemed to have such knowledge, and calculated the accrual date accordingly. Here, in contrast, plaintiff asks this court to find an accrual date later than defendant's alleged fraudulent act but without assessing plaintiff's actual or constructive knowledge of the harm. Because these cases require determinations of plaintiff's knowledge, this court cannot find a delayed accrual without assessing plaintiff's actual or constructive knowledge.

Finally, plaintiff argues that the alleged harm was continuous in nature and therefore did not accrue until 2006. To the extent plaintiff's continuous violation argument can be applied to allegations of fraud, this court finds that the allegedly fraudulent actions of defendant were not continuous (see discussion *infra*), and accrued, for purposes of the statute of limitations, when parties executed the contract in October 1992.

7

Plaintiff does not produce authority to support her accrual argument with respect to the fraud causes of action, and this court has found no support for it. Thus, the court finds this argument to be without merit. Any claims for fraud accrued at the time the reverse mortgage was executed in October 1992. Therefore, such claims are barred by the four-year statute of limitations set forth in section 338.

### B. Elder Abuse Claim (First Cause of Action)

The statute of limitation is three years for causes of action arising from violation of a statute (other than penalty or forfeiture). Cal. Civ. Proc. Code § 338(a). Either via statute, e.g. Cal. Civ. Proc. Code § 338(d), or common law, the court can postpone the accrual of a cause of action until the plaintiff discovers or has reason to discover it. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Unlike section 338(d), section 338(a) does not have a statutorily prescribed discovery rule exception. However, courts have employed such an exception where the discovery rule can protect a plaintiff who is ignorant, without fault, of his or her cause of action. April Enters., 147 Cal. App. 3d at 832; cf. Gryczman v. 4550 Pico Partners, Ltd., 107 Cal. App. 4th 1, 5 (2003) (applying the discovery rule where defendant concealed actions breaching his contract with plaintiff). Often the courts employ the "discovery rule" where defendant "is in a superior position to comprehend [his or her] act and the injury [to plaintiff]." April Enters., 147 Cal. App. 3d at 831. Thus, the discovery rule can delay accrual for a claim falling under section 338(a).

However, for the same reasons plaintiff cannot successfully employ the discovery rule to delay accrual of her fraud claims, she cannot use it to delay accrual of her elder abuse claim. This proposition is supported by authority plaintiff herself cites in her opposition brief. See Craig v. City of Poway, 28 Cal. App. 4th 319, 341 (1994) (discovery rule exception to section 338(a) could apply where plaintiff had no knowledge, nor information sufficient to put a reasonable person on notice, of her potential causes of action).

8

Similarly, to the extent plaintiff argues that her elder abuse claim did not accrue because of the continuous nature of the alleged harm, or because of a delay in accrual otherwise not attributed to the discovery rule, plaintiff's argument fails for reasons stated previously.  Therefore, the discovery rule exception does not apply and  plaintiff's elder abuse cause of action is therefore barred by the three-year statute of limitations set forth in section 338(a).

II.     Section 337 Claims (Third, Fourth, and Fifth Causes of Action)

In actions based on breach of contract, "the cause of action generally accrues at the time of the breach." Krieger v. Nick Alexander Imps., Inc., 234 Cal. App. 3d 205, 221 (1991) (citation omitted).  However, the discovery rule can delay accrual until the time when plaintiff knew, or should have known, that he or she had a cause of action. Id. (citing Neel, 6 Cal. 3d at 194).  In the present action, plaintiff's allegations relate to the terms of the reverse mortgage, and therefore any alleged breach occurred at its formation in October 1992.  Thus, though the discovery rule can apply to plaintiff's contract-based causes of action, it does not apply to the facts as pled.  This court finds that plaintiff's actual knowledge of the facts constituting the alleged breach of contract at the time of the agreement precludes use of the discovery rule to postpone any causes of action based on this breach.  Consequently, these causes of action are barred by the three-year statute of limitations set forth in section 337.

III.    Section 17208 Claim (Second Cause of Action)

Plaintiff argues that under Suh v. Yang, 987 F. Supp. 783 (N.D. Cal. 1997) (Infante, J.) plaintiff's unfair competition cause of action did not accrue until 2006.  Plaintiff asserts that, like Suh, the harm caused to her is continuous in nature. Id. at 795.  Suh, a trademark infringement claim, arose out of, among other things, violations of California Business and Professions Code section 17200, et seq. Suh, 987 F. Supp. at 787.  The Suh court found that even though many of defendant's acts fell outside the limitations period, each of defendant's infringements constituted an

9

actionable wrong, and the accrual of the plaintiff's cause of action occurred within the limitations period. Id. at 796. Suh involved several distinct uses of plaintiff's service marks, each of which, the court determined, constituted a separate wrong. Id. Some of the uses fell within the statute of limitations. Id. The delay in accrual was not caused by a delay in discovering plaintiff's cause of action. Id. at 795 n.7 (the court advanced a finding that the discovery rule could apply to unfair competition claims, but assumed *arguendo* the rule did not apply). Instead, the accrual was delayed because of the nature of trademark infringement claims, which are typically found to be continuing wrongs. Id. at 796.

The Suh court distinguished Stutz Motor Car of Am. v. Reebok Inter'l, 909 F. Supp. 1353 (C.D. Cal. 1995), a patent infringement case that consisted of a "single, irrevocable wrong." Suh, 987 F. Supp. at 796. In Stutz, plaintiffs contended that Reebok's use of a patented air bladder in a line of shoes constituted patent infringement. 909 F. Supp. at 1356. The nature of the allegations in Suh are likewise distinguishable from plaintiff's unfair competition allegations in the present action. Here, the violation plaintiff alleges has its origin in the written agreement regarding the reverse mortgage drafted in 1992. Unlike the defendant in Suh, who actively and repeatedly introduced plaintiff's service marks to the public, Wilmington simply carried out its agreement as contracted. Because Wilmington's actions stem from the terms of contract, any subsequent harm necessarily stems from this single wrong. Similarly, in Stutz, defendant's infringement of plaintiff's patent was the origin for the further wrong of the eventual sale of products containing the patented technology. Thus, the facts of the claims at bar more readily align with Stutz than with Suh. Consequently, the court is not swayed by plaintiff's arguments regarding the continuous nature of the harm caused by defendant.

Similarly, plaintiff's reliance on Richards v. CH2M Hill, 26 Cal. 4th 798, 816 (2001) is misplaced. Richards discusses continuing violations in an employment context. See id. The Fair Housing and Employment Act ("FEHA"), including the statute of limitations provided for therein, is to be construed liberally "for the accomplishment of the purposes [thereof]." Cal. Gov't Code § 12993(a); See Richards, 26 Cal. 4th at 819. There is no comparable statutory provision applicable to

unfair competition claims.  Because under FEHA employment discrimination claims are subject to a different standard, the Richards findings are not instructive.  Therefore, this court finds no compelling authority that the alleged violation, arising from the written contract, is continuous in nature.  Consequently, this cause of action is barred by the four-year statute of limitations set forth in California Business and Professions Code section 17208.

Having concluded that plaintiff's claims are barred by the applicable statutes of limitations, the court need not consider whether plaintiff has failed to state claims upon which relief can be granted.

CONCLUSION

For the reasons set forth above, all nine causes of action must be dismissed as to all defendants.   Therefore, IT IS HEREBY ORDERED that:

Wilmington's motion for judgment on the pleadings is GRANTED with prejudice as to all nine causes of action and as to all defendants.

Dated: October 25, 2006

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**

1. All factual information is taken from plaintiff's complaint unless otherwise specified.

2. All statutory references are to the California Code of Civil Procedure unless otherwise specified. Section 338 provides in pertinent part:

> Within three years:
> (a) An action upon a liability created by statute, other than a penalty or forfeiture.
> \*\*\*
> (d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

3. California Business and Professions Code section 17208 provides:

> Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section shall be revived by its enactment.

4. Section 337 provides in pertinent part:

> Within four years:
> 1. An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in Section 336a of this code. . . .
> \*\*\*
> 3. An action based upon the rescission of a contract in writing. The time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred. Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake. . . .